## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| TEXAS VASCULAR ASSOCIATES, P.A., | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Case No. _____ |
| | § | |
| MEDPRO OPERATIONS, LLC; DEV | § | JURY DEMANDED |
| BATRA, M.D., PA; DR. DEV BATRA, | § | |
| MD; and DOES 1-10, inclusive, | § | |
| | § | |
| *Defendants.* | § | |
| | § | |

## COMPLAINT

Plaintiff Texas Vascular Associates, P.A. ("TVA"), by and through its undersigned counsel, for its Complaint against Defendants MedPro Operations, LLC, Dev Batra, M.D., PA, Dr. Dev Batra, MD, and Does 1-10, inclusive (together, "Defendants") hereby states and alleges as follows:

## I.
## PARTIES

1.      TVA is a professional association organized under the laws of the State of Texas, with its principal place of business at 621 North Hall Street, Suite 100, Dallas, Texas 75226.

2.      On information and belief, Defendant MedPro Operations, LLC is a limited liability company organized under the laws of the State of Texas, with its principal place of business at 3500 Oak Lawn Avenue, Suite 760, Dallas, Texas 75219.

3.      On information and belief, Defendant Dev Batra, M.D., PA is a professional association organized under the laws of the State of Texas, with a principal business of 6632 Northwood Road, Dallas, Texas 75225.

COMPLAINT                                                                                                          1

4.      On information and belief, Defendant Dr. Dev Batra, M.D. is an individual residing at 6632 Northwood Road, Dallas, Texas 75225.

5.      TVA is unaware of the names of Defendants identified as Does 1-10, inclusive, and therefore sues Does 1-10 by those fictitious names.  On information and belief, Defendants sued as Does 1-10 are responsible in some manner for the practices, acts, conduct and occurrences alleged as either actual perpetrators or co-conspirators, aiders and abettors, officers, directors and/or managing agents with the knowledge, control, authority, direction and/or ratification of the other Defendants, and each of them.  TVA will seek leave of the Court to amend this Complaint to allege the true names and capacities of Defendants sued as Does 1-10, and the roles they played, once their identities and/or manner of participation in the wrongful conduct described is ascertained.

6.      At all relevant times, as alleged more fully below, each Defendant acted as an agent, servant, employee, co-conspirator, alter-ego and/or joint venturer of the other Defendants and, in doing the things alleged, acted within the course and scope of such agency, employment and/or alter-ego and/or in furtherance of the joint venture.  Each Defendant's acts alleged below were done with the permission and consent of each of the other Defendants.

## II.
## JURISDICTION AND VENUE

7.      This is an action under the Lanham Act, 15 U.S.C. § and 1125 and under the common law.

8.      This Court has subject matter jurisdiction under Section 39 of the Lanham Act, 15 U.S.C. § 1121, and under 28 U.S.C. §§ 1331 and 1338.

9.      Defendants are subject to personal jurisdiction in the Northern District of Texas, because Defendants' principal place of business is in the Northern District of Texas, Defendants

COMPLAINT                                                                                           2

regularly transact businesses in the Northern District of Texas and, on information and belief, reside in the Northern District of Texas.

10.    Venue is proper pursuant to 28 U.S.C. § 1391(b) because Defendants reside in, are located in and do business in this judicial district, and a substantial part of the acts or omissions giving rise to TVA's claims occurred in this judicial district.

**III.**
**FACTS**

**A.    TVA's Business and Trademark Rights.**

11.    TVA provides healthcare services to treat diseases and disorders of the circulatory system, including the arteries and veins.

12.    TVA was founded in 1954 as TEXAS VASCULAR CENTER by world renowned vascular surgeon Jesse Eldon Thompson, M.D.  Dr. Thompson is a pioneer in vascular surgery and has set the standard for all others in his field.

13.    TVA conducts its medical practice at nine office locations throughout the Dallas-Fort Worth Metroplex, including in Dallas, Irving, Mansfield, Waxahachie, Plano, Richardson, McKinney and Grapevine.  TVA's patients live in and outside of the Dallas-Fort Worth Metroplex, and travel from within and outside of the State of Texas for TVA's services, including from states such as Louisiana, Arkansas, Oklahoma and New Mexico.

14.    TVA employs nationally recognized, board-certified vascular surgeons.

15.    TVA's vascular surgeons utilize the latest techniques to provide patients with the best possible care.

16.    TVA owns significant rights under the common law in the TEXAS VASCULAR trade name and service mark, which it has used in interstate commerce continuously and

exclusively since at least 1954 in connection with TVA's healthcare services, including medical and surgical services.

17.     TVA owns significant rights under the common law in the TEXAS VASCULAR ASSOCIATES trade name and service mark, which it has used in interstate commerce continuously and exclusively since at least 1999 in connection with TVA's healthcare services, including medical and surgical services.

18.     TVA owns United States Trademark Application Serial No. 98352482 for TVA's TEXAS VASCULAR ASSOCIATES mark for use in connection with "Surgery; Medical services" in Class 44 ("TVA's Application"), which is presently pending before the United States Patent and Trademark Office ("USPTO").

19.     TVA owns Texas Trademark Application No. 50309611 for TVA's TEXAS VASCULAR ASSOCIATES mark for use in connection with "Surgery; Medical services" in Class 44, which is presently pending before the Texas Secretary of State.

20.     Over the last 70 years, TVA has extensively promoted its TEXAS VASCULAR and TEXAS VASCULAR ASSOCIATES marks (the "TEXAS VASCULAR Marks") throughout the country in connection with TVA's services, including through many hundreds of national in-person presentations, on TVA's website at www.texasvascularassociates.com, at TVA's physical office locations and on business cards, letterhead and other marketing materials, as shown in the examples below:







COMPLAINT





COMPLAINT



21.    Thirteen of TVA's physician providers have been recognized with D Magazine's "Best Doctor" Award in the vascular surgery specialty for several years in a row, dating back as early as 2001.

22.    TVA is the owner of significant goodwill and common law rights in the TEXAS VASCULAR Marks as a result of investing considerable time, effort and financial resources into advertising and promoting TVA's healthcare services under the TEXAS VASCULAR marks.  As a result of such advertising and promotion over seven decades, the public has come to associate the TEXAS VASCULAR Marks exclusively and unmistakably with TVA and TVA's services. The TEXAS VASCULAR Marks have acquired an extremely high level of distinctiveness such

that the TEXAS VASCULAR Marks serve to exclusively identify TVA as the source of TVA's healthcare services.

23.    TVA has expended more than $1 million dollars advertising and promoting its services under its distinctive TEXAS VASCULAR Marks.  TVA has generated hundreds of millions of dollars in revenue through the rendering of its services under the distinctive TEXAS VASCULAR Marks.

**B.    Defendants' Business and Willful Infringement.**

24.    On information and belief, Defendant MedPro Operations, LLC's ("Defendant MedPro") medical practice was founded by Dr. Dev Batra, MD ("Defendant Batra") and currently consists of only two physicians, Dr. Dev Batra, MD and Dr. Steve C. Hong, MD.

25.    On information and belief, Defendant Batra did not complete his fellowship in vascular and interventional radiology until 2011, nearly six decades after TVA started using and widely promoting the TEXAS VASCULAR mark and over a decade after TVA starting using and widely promoting the TEXAS VASCULAR ASSOCIATES mark.

26.    However, despite TVA's prior, long-standing and substantial rights in the distinctive TEXAS VASCULAR Marks, Defendants recently began offering similar healthcare services to the public under the confusingly similar "Texas Vascular Institute" trade name and the TEXAS VASCULAR INSTITUTE and  designations (together, the "Infringing Marks").

27.    Defendants offered services under the DALLAS VEIN INSTITUTE name before recently adopting the Infringing Marks.

COMPLAINT                                                                                                  8

28.    On information and belief, Defendants were each and independently well aware of TVA's priority of use and senior rights in the TEXAS VASCULAR Marks at the time Defendants adopted the Infringing Marks.

29.    On information and belief, Defendants adopted the Infringing Marks to unfairly compete with TVA and trade off of TVA's long-standing and significant goodwill.

30.    On information and belief, Defendant Dev Batra, M.D., PA ("Defendant Batra PA") is involved in the use and promotion of the Infringing Marks through ownership or operation of one or more locations branded as "Texas Vascular Institute."

31.    On information and belief, Defendant Batra and/or Defendant Batra PA conceived of, approved of, directed, controlled and ratified the adoption and use of the Infringing Marks.

32.    On information and belief, Defendants own and operate the domain name www.texasvascular.com (the "Infringing Domain Name"), which is identical to TVA's protected TEXAS VASCULAR trademark and consists of the primary elements of TVA's protected TEXAS VASCULAR ASSOCIATES trademark.

33.    Defendants have caused the Infringing Domain Name to direct internet users to a website that prominently displays the Infringing Marks (the "Website"), as shown below:





34.    On information and belief, Defendants intentionally and in bad faith use the Infringing Domain Name to divert the public away from TVA's online location to Defendants' Website.

35.    On October 15, 2021, Defendant MedPro filed an application with the USPTO for the confusingly similar TEXAS VASCULAR INSTITUTE designation for use in connection with "Health care services, namely, vascular disease treatment" in Class 44, which resulted in Supplemental Registration No. 6965896 being issued on January 24, 2024.  In Supplemental Registration No. 6965896, Defendants claim first use of the confusingly similar TEXAS VASCULAR INSTITUTE designation in 2021—nearly 70 years after TVA began using and widely promoting its protected TEXAS VASCULAR mark and over 20 years after TVA began using and widely promoting its protected TEXAS VASCULAR ASSOCIATES mark for healthcare services.

36.    On December 13, 2022, Defendant MedPro filed an application with the USPTO for the confusingly similar  designation for use in connection with "Health care services, namely, vascular disease treatment" in Class 44, which resulted in Registration No. 7268545 being issued on January 9, 2024.  In Registration No. 7268545, Defendants claim first use of the confusingly similar  designation in 2017— over 60 years after TVA began using and widely promoting its protected TEXAS VASCULAR mark and nearly 20 years after TVA began using and widely promoting its protected TEXAS VASCULAR ASSOCIATES mark for healthcare services.

COMPLAINT                                                                                                          11

37.     On information and belief, Defendant MedPro filed an application with the USPTO for the TEXAS VASCULAR INSTITUTE designation because Defendants believe that the TEXAS VASCULAR INSTITUTE designation is protectable as a trademark.

38.     On information and belief, Defendant MedPro amended its application with the USPTO for the TEXAS VASCULAR INSTITUTE designation from the Principal Register to the Supplemental Register because Defendants believe that the TEXAS VASCULAR INSTITUTE designation is protectable as a trademark if the designation acquires sufficient distinctiveness.

39.     Defendant MedPro, by and through its COO Ms. Angela Batra, signed a Declaration when filing its application with the USPTO for the TEXAS VASCULAR INSTITUTE designation stating that, to the best of the signatory's knowledge and belief, no other persons, except, if applicable, concurrent users, have the right to use the TEXAS VASCULAR INSTITUTE designation in commerce, either in the identical form or in such near resemblance as to be likely, when used on or in connection with the goods/services of such other persons, to cause confusion or mistake, or to deceive.

40.     On August 7, 2024, a USPTO Examining Attorney cited Defendants' USPTO Registration Nos. 6965896 and 7268545 ("Defendants' Infringing Registrations") in a preliminary refusal of TVA's Application on the basis of a likelihood of confusion with the Infringing Marks identified in Defendants' Infringing Registrations.

41.     The services described in Defendants' Infringing Registrations are identical to the services offered by TVA under the protected and distinctive TEXAS VASCULAR Marks, including the services described in TVA's Application.

COMPLAINT                                                                                     12

42.    TVA's and Defendants' services are offered and promoted in the same channels, in the same manner, to the same class of consumers, including online and in industry publications circulated nationwide.

43.    In October 2023, Defendants moved into an office suite in the same building as TVA's office, at 4716 Alliance Boulevard in Plano, Texas, as shown below:



44.    TVA conducted its medical practice at its Alliance Boulevard location for over 20 years—since 2003—before Defendants changed their name to the confusingly similar Infringing Marks and moved into the same office building as TVA.

45.    Defendants are not affiliated with TVA and have no license or permission from TVA to use the Infringing Marks in connection with healthcare services in the United States.

46.    Accordingly, Defendants' "Texas Vascular Institute" trade name, the Infringing Marks, the Infringing Domain Name, the Website and Defendants' other marketing and promotional materials that bear the Infringing Marks are likely to cause confusion among the public as to the source of Defendants' healthcare services, and interfere with TVA's business by causing harm to its distinctive brand, its goodwill and prospective business opportunities.

COMPLAINT                                                                                            13

47.     Confusion is not only likely in this case but is actually occurring.  TVA is aware of a substantial and increasing amount of actual confusion that is occurring between TVA and Defendants as a result of Defendants' confusingly similar Infringing Marks.  For example, on multiple occasions, physicians who were confused by the Infringing Marks have directed patients to Defendants' office when intending to direct the patients to TVA's office for TVA's services.

48.     The harm to the public and damages to TVA caused by this significant and ongoing confusion are exacerbated because TVA and Defendants are in the healthcare industry treating patients with personal health issues.

49.     The public trust placed in TVA for life-saving medical care and TVA's longstanding goodwill under the TEXAS VASCULAR Marks are immeasurable, and damages caused by the confusion are therefore significant and irreparable.

50.     Further, Defendants' Infringing Registrations and the presumptions afforded to Defendants from registration of the Infringing Marks for healthcare services are inconsistent with TVA's substantial senior rights in the distinctive TEXAS VASCULAR Marks.

51.     Defendants' Infringing Registrations support and assist Defendants in confusing and misleading the public through the use of the Infringing Marks in connection with healthcare services in violation and derogation of TVA's senior rights.

52.     TVA has been and will continue to be damaged by the continued registration of Defendants' Infringing Registrations pursuant to Section 2(d) of the Lanham Act, 15 U.S.C. § 1052(d), because the Infringing Marks identified in Defendants' Infringing Registrations so resemble the distinctive and protected TEXAS VASCULAR Marks as to be likely, when used on or in connection with the services identified in Defendants' Infringing Registrations, to cause confusion or mistake, or to deceive consumers with consequent injury to TVA and to the public.

53.    Unless Defendants' Infringing Registrations are cancelled and Defendants are enjoined from using the Infringing Marks and any confusingly similar designation in connection with healthcare and related goods and services, Defendants' infringement and unfair business practices will likely continue, causing further confusion and irreparable harm to TVA.

**IV.**
**CAUSES OF ACTION**

**COUNT I: FEDERAL UNFAIR COMPETITION, FALSE DESIGNATION OF ORIGIN, AND FALSE DESCRIPTIONS AND REPRESENTATIONS (15 U.S.C. § 1125(a))**

54.    TVA incorporates and realleges here each and every allegation set forth above.

55.    Defendants' unauthorized use in commerce of the Infringing Marks, and confusingly similar designations, is likely to cause confusion, deception and/or mistake by creating the false and misleading impression that Defendants' services are associated or connected with TVA, or have TVA's sponsorship, endorsement or approval.

56.    Defendants have made false representations, false descriptions and false designations in connection with services in violation of 15 U.S.C. § 1125(a).  Defendants' activities have caused and, unless enjoined by this Court, will continue to cause, a likelihood of confusion, deception and/or mistake among the public, and injury to TVA's goodwill and reputation for which TVA has no remedy at law.

57.    Defendants' actions demonstrate an intentional, willful and malicious intent to trade on the goodwill associated with TVA and the protected and distinctive TEXAS VASCULAR Marks, causing great and irreparable harm to TVA.

58.    TVA is entitled to an injunction restraining Defendants and each Defendant's agents, employees and representatives, and all persons acting in concert with any of them, from engaging in further such wrongful conduct.

COMPLAINT                                                                                                   15

59.     As a result of Defendants' wrongful conduct, TVA has suffered, and will continue to suffer, substantial damages.  TVA is entitled to recover actual damages, Defendants' profits, enhanced damages, costs and reasonable attorneys' fees in an amount to be proven at trial pursuant to 15 U.S.C. §§ 1125(a) and 1117.

## COUNT II: TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION UNDER THE COMMON LAW

60.     TVA incorporates and realleges here each and every allegation set forth above.

61.     By the acts described above, Defendants have engaged in trademark infringement in violation of the common law.

62.     Defendants' activities have caused and, unless enjoined by this Court, will continue to cause, a likelihood of confusion and deception among the public, and injury to TVA's goodwill and reputation for which TVA has no remedy at law.

63.     As a result of Defendants' wrongful conduct, TVA has suffered and will continue to suffer damages.  TVA is entitled to recover damages in an amount to be established at trial.

64.     Defendants have obtained unjust profits, gains and advantages as a result of infringement, and will continue to realize unjust profits, gains and advantages as a result of infringement as long as such infringement is permitted to continue.  TVA is entitled to recover Defendants' profits in an amount to be established at trial.

## COUNT III: CYBERPIRACY (15 U.S.C. § 1125(d))

65.     TVA incorporates and realleges here each and every allegation set forth above.

66.     Defendants registered and are using the Infringing Domain Name, which is identical or confusingly similar to the protected TEXAS VASCULAR Marks, in commerce with the intent to divert the public away from TVA's online location to Defendants' Website.

COMPLAINT                                                                                          16

67.     Defendants acted and are acting in bad faith with an intent to profit from infringement of TVA's rights in the protected TEXAS VASCULAR Marks, and confusingly similar designations, by registering, trafficking and using the Infringing Domain Name in a manner likely to injure TVA's business reputation and harm the distinctive nature of the TEXAS VASCULAR Marks.

68.     Defendants have not made any bona fide noncommercial or fair use of the TEXAS VASCULAR Marks in connection with the Infringing Domain Name.

69.     Defendants' activities have caused and, unless enjoined by this Court, will continue to cause, a likelihood of confusion and deception among the public, and injury to TVA's goodwill and reputation for which TVA has no remedy at law.

70.     Defendants' actions demonstrate an intentional, willful and malicious intent to trade on the goodwill associated with TVA and the protected TEXAS VASCULAR Marks, causing great and irreparable harm to TVA.

71.     TVA is entitled to an injunction restraining Defendants and each Defendant's agents, employees and representatives, and all persons acting in concert with any of them, from engaging in further such wrongful conduct.

72.     As a result of Defendants' wrongful conduct, TVA has suffered and will continue to suffer damages.  TVA is entitled to recover damages in an amount to be established at trial.

## COUNT IV: CANCELLATION OF FEDERAL TRADEMARK REGISTRATIONS
## (15 U.S.C. § 1119)

73.     TVA incorporates and realleges here each and every allegation set forth above.

74.     Defendants adopted and use, without TVA's consent, the Infringing Marks in connection with the marketing, advertising, distribution and sale of healthcare services in a manner likely to result in confusion, mistake or deception with respect to TVA and the protected TEXAS

COMPLAINT                                                                                              17

VASCULAR Marks, leading the public to believe that Defendants' goods and services emanate from TVA, or that TVA has approved, sponsored or otherwise associated itself with Defendants or Defendants' services.

75. Defendant MedPro owns Defendants' Infringing Registrations, which identify the Infringing Marks.

76. TVA is damaged by Defendants' Infringing Registrations and Defendants' Infringing Registrations should be cancelled by the Court pursuant to 15 U.S.C. § 1119, which gives the Court power to determine the right to registration, order the cancelation of registrations and otherwise rectify the register with respect to Defendants' Infringing Registrations.

### V.
### PRAYER

WHEREFORE, TVA prays for entry of a final judgment in its favor and against each Defendant ordering and declaring as follows:

A. That each Defendant is liable to TVA for all causes of action and demands for damages and relief asserted by TVA in this action, including that each Defendant:

(1) has violated Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a);

(2) has violated 15 U.S.C. § 1125(d); and

(3) has engaged in trademark infringement and unfair competition under the common law.

B. That each Defendant's conduct was willful.

C. That each Defendant, and each of its owners, officers, directors, agents, servants, employees and representatives, and those persons in active concert or participation with any of them, be enjoined and restrained from:

COMPLAINT                                                                            18

(1)    using for any purposes whatsoever, including registration or renewal of any domain name or otherwise on or in connection with the production, manufacture, advertisement, promotion, displaying for sale, offering for sale, sale, distribution or rendering of any goods or services, the Infringing Marks, the TEXAS VASCULAR mark, TEXAS VASCULAR ASSOCIATES mark, or any confusingly similar designation, or any other reproduction, counterfeit, copy or colorable imitation of trade names, trademarks or service marks owned by TVA;

(2)    representing by any means whatsoever, directly or indirectly, or doing any other acts calculated or likely to cause confusion or mistake, or to deceive consumers into believing, that Defendants' goods or services originated with TVA, or that there is any affiliation or connection between TVA and Defendants or their respective products or services, and from otherwise unfairly competing with TVA; and

(3)    effecting assignments or transfers, forming new entities or associations, or taking or utilizing any other act or device for the purpose of circumventing or otherwise avoiding the prohibitions set forth above.

D.    That each Defendant be required, pursuant to Section 34 of the Lanham Act, 15 U.S.C. § 1116, to file with this Court and to serve upon TVA within 30 days after service upon such Defendant of this Court's injunction issued in this action, a written report, under oath, setting forth in detail the manner in which such Defendant has complied with the injunction.

COMPLAINT                                                                                                    19

E.      That TVA have and recover all available monetary recovery and damages, actual or otherwise, including Defendants' profits, as a result of Defendants' infringement and wrongful conduct, including:

(1)      damages suffered by TVA, trebled, pursuant to 15 U.S.C. § 1117(b);

(2)      all illicit profits that Defendants derived while using the Infringing Marks, trebled, pursuant to 15 U.S.C. § 1117(b);

(3)      TVA's costs and attorneys' fees to the full extent available under Section 35 of the Lanham Act, 15 U.S.C. § 1117;

(4)      profits, actual and punitive damages and fees, to the full extent available pursuant to Texas law; and

(5)      all available pre- and post-judgment interest on all amounts awarded to TVA in this action.

F.      That the infringing www.texasvascular.com domain name be transferred to TVA pursuant to 15 U.S.C. § 1125(d)(C).

G.      That USPTO Registration Nos. 6965896 and 7268545 be cancelled pursuant to 15 U.S.C. § 1119.

H.      That TVA have such other and further relief as the Court may deem just and proper.

**VI.**
**<u>DEMAND FOR JURY TRIAL</u>**

TVA respectfully demands a trial by jury for all issues so triable pursuant to Rule 38 of the Federal Rules of Civil Procedure.

COMPLAINT                                                                                                          20

Dated: January 21, 2025                    Respectfully submitted,

                                           SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

                                           Robert E. Hough II
                                             Texas Bar No. 24101931
                                             rhough@sheppardmullin.com
                                           2200 Ross Avenue, Suite 2000
                                           Dallas, Texas 75201
                                           P: 469-391-7400
                                           F: 469-391-7401

                                           Laura L. Chapman (*pro hac pending*)
                                             lchapman@sheppardmullin.com
                                           350 South Grand Avenue, 40th Floor
                                           Los Angeles, California 90071
                                           P: 213-617-4125
                                           F: 213-620-1398

                                           **ATTORNEYS FOR PLAINTIFF**
                                           **TEXAS VASCULAR ASSOCIATES, P.A.**

COMPLAINT                                                                        21